# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (CAMDEN VICINAGE)

Maria and Roy Hamilton,
Individually and as H/W
5926 Clover Leaf Dr.
Mays Landing, NJ  08330

Civil Action No. 1:08-cv-06370 RMB-AMD

Plaintiffs,

vs.

**ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM and CROSS-CLAIM**

Argent Mortgage Company, LLC
1 City Blvd West
Orange, CA  92868

Filed on behalf of Defendants
Select Portfolio Servicing, Inc.
and U.S. Bank National Association,
as trustee (incorrectly identified
as U.S. Bancorp d/b/a U.S. Bank National
Association, as trustee)

and

Empire Mortgage Services, Inc.
285 Davidson Ave., Suite 503
Somerset, NJ  08873

And

Joe Lomax d/b/a Empire Mortgage
Services Inc.
285 Davidson Ave., Suite 503
Somerset, NJ  08873

Counsel for this Party:

AMY J. ROY, ESQUIRE

And

Select Portfolio Servicing, Inc.
3815 Southwest Temple
Salt Lake City, UT  84115

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

And

U.S. Bancorp d/b/a U.S. Bank
National Association, as trustee, on
Behalf of the holders of the Asset
Backed Securities Corporation
Home Equity Loan Trust, Series
AMQ 2006-HE7 Backed Pass-

Through Certificates, Series AMQ
2006-HE7
100 S. 5th Street # 1075
Minneapolis, MN 55402

      And

John Does 1-10

          Defendants.

**DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANCORP D/B/A U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
<u>COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM</u>**

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, as trustee (incorrectly identified as U.S. Bancorp d/b/a U.S. Bank National Association, as trustee), ("U.S. Bank") (SPS and U.S. Bank, collectively hereinafter "SPS Defendants") by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, and in support thereof, each avers as follows.

**I.**       **Preliminary Statement**

1.     The allegations contained in Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

2.     The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

3.     The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

**II.**       **Jurisdiction and Venue**

4. The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

### III. Parties

6. SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 6. Therefore, said allegations are denied.

7. The allegations contained in Paragraph 7 of the Complaint are not directed to the SPS Defendants. Therefore, no response by the SPS Defendants is required. To the extent that a response is required, said allegations are denied.

8. The allegations contained in Paragraph 8 of the Complaint are not directed to the SPS Defendants. Therefore, no response by the SPS Defendants is required. To the extent that a response is required, said allegations are denied.

9. The allegations contained in Paragraph 9 of the Complaint are not directed to the SPS Defendants. Therefore, no response by the SPS Defendants is required. To the extent that a response is required, said allegations are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied as stated.

11. The allegations contained in Paragraph 11 of the Complaint are denied as stated.

12. The allegations contained in Paragraph 12 are legal conclusions to which no response is required. To the extent that a response is required, said allegations are denied.

### IV. Operative Facts

A. <u>Introduction</u>

13.    The allegations contained in Paragraph 13 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

14.    The allegations contained in Paragraph 14 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

15.    The allegations contained in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

B.    Functions of and Relationships Between Parties

16.    The allegations contained in Paragraph 16 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

17.    The allegations contained in Paragraph 17 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

18.    The allegations contained in Paragraph 18 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

19.    The allegations contained in Paragraph 19 are denied as stated.  By way of further answer, the allegations contained in Paragraph 19 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

20.    The allegations contained in Paragraph 20 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

C.    The Loan

21.     The allegations contained in Paragraph 21 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

22.     The allegations contained in Paragraph 22 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

23.     The allegations contained in Paragraph 23 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

24.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 24.  Therefore, said allegations are denied.

25.     The allegations contained in Paragraph 25 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 24.  Therefore, said allegations are denied.

26.     The allegations contained in Paragraph 26 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

27.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 27.  Therefore, said allegations are denied.

28.     The allegations contained in Paragraph 28 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

29.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 29.  Therefore, said allegations are denied.

30.     The allegations contained in Paragraph 30 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

31.     The allegations contained in Paragraph 31 subparagraphs (a) through (f) of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 31 subparagraphs (a) through (f). Therefore, said allegations are denied.

32.     The allegations contained in Paragraph 32 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 32.  Therefore, said allegations are denied.

33.     The allegations contained in Paragraph 33 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

34.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 34.   Therefore, said allegations are denied.

35.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 35.   Therefore, said allegations are denied.

36.     The allegations contained in Paragraph 36 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

37.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 37.   Therefore, said allegations are denied.

38.     The allegations contained in Paragraph 38 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 38.   Therefore, said allegations are denied.

*i.*     *Loan Brokerage*

39.     The allegations contained in Paragraph 39 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 39 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

40.     The allegations contained in Paragraph 40 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 40 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

41.     The allegations contained in Paragraph 41 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 41.  Therefore, said allegations are denied.

ii.     *Loan Origination and Closing*

42.     The allegations contained in Paragraph 42 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

43.     The allegations contained in Paragraph 43 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

45.     The allegations contained in Paragraph 45 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

46.    The allegations contained in Paragraph 46 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

47.    The allegations contained in Paragraph 47 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.

48.    The allegations contained in Paragraph 48 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 48 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

49.    SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 49.  Therefore, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 49 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

50.    The allegations contained in Paragraph 50 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 50 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

51.    The allegations contained in Paragraph 51 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

*iii.*     *Loan Assignment and/or Servicing*

52.     The allegations contained in Paragraph 52 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

53.     The allegations contained in Paragraph 53 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

54.     The allegations contained in Paragraph 54 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

55.     The allegations contained in Paragraph 55 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

D.     Injuries

56.     The allegations contained in Paragraph 56 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

**V.     Causes of Action**

57.     SPS Defendants incorporate by reference their responses to Paragraphs 1 through 56 as if fully set forth herein.

58.     SPS Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in Paragraph 58.  Therefore, said allegations are denied.

59.     The allegations contained in Paragraph 59 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

60.     The allegations contained in Paragraph 60 are denied as stated.  By way of further answer, to the extent that the allegations contained in Paragraph 60 of the Complaint are not

directed to the SPS Defendants, no response by the SPS Defendants is required.  Therefore, said allegations are denied.

61.     The allegations contained in Paragraph 61 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

62.     The allegations contained in Paragraph 62 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

A.     Statutory

**COUNT I**
**Truth-in-Lending Act ("TILA")/Home Ownership and Equity Protection Act ("HOEPA")**
*Originating Lender and Assignee*

63.     The allegations contained in Paragraph 63 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

64.     The allegations contained in Paragraph 64 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

65.     The allegations contained in Paragraph 65 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

66.     The allegations contained in Paragraph 66 subparagraphs (a) through (e) are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

67.     The allegations contained in Paragraph 67 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

68.     The allegations contained in Paragraph 68 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

69.     The allegations contained in Paragraph 69 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

70.     The allegations contained in Paragraph 70 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

71.     The allegations contained in Paragraph 71 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

## COUNT II
### Real Estate Settlement Procedures Act ("RESPA")
*All Defendants*

72.     The allegations contained in Paragraph 72 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

73.     The allegations contained in Paragraph 73 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

## COUNT III
### New Jersey Consumer Fraud Act ("NJCFA")
*Mortgage Brokers*

74.     The allegations contained in Paragraph 74 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 74 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

## COUNT IV

### Fraud/Fraudulent Misrepresentation
*Mortgage Brokers*

75.     The allegations contained in Paragraph 75 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a

response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 75 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

76.     The allegations contained in Paragraph 76 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 76 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

77.     The allegations contained in Paragraph 77 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 77 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

78.     The allegations contained in Paragraph 78 of the Complaint are not directed to the SPS Defendants.  Therefore, no response by the SPS Defendants is required.  To the extent that a response is required, said allegations are denied.  By way of further answer, the allegations contained in Paragraph 78 are legal conclusions to which no response is required.  To the extent that a response is required, said allegations are denied.

## VI.    Prayer for Relief

WHEREFORE, Defendants Select Portfolio Servicing, Inc. and U.S. Bancorp d/b/a U.S. Bank National Association, as trustee,  respectfully requests judgment in their favor including an award for costs and attorneys' fees and other such relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

By way of further response, Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association, as trustee (incorrectly identified as U.S. Bancorp d/b/a U.S. Bank National Association, as trustee), by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, respectfully file the following Affirmative Defenses in response to each and every Count in the Complaint, pursuant to the Federal Rules of Civil Procedure.

79.    The Complaint fails to state a claim against the SPS Defendants.

80.    Plaintiffs' claims are barred by the statute of limitations.

81.    Plaintiff Roy Hamilton lacks standing to bring his claims against SPS Defendants.

82.    Plaintiffs' claims are barred, in whole or in part, by the entire controversy doctrine.

83.    Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

84.    Plaintiffs are not entitled to rescind the loan under any applicable law, including but not limited to the Truth-in-Lending Act 15 U.S.C. § 1635 and/or Regulation Z, § 226.23(a)(3).

85.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and unclean hands.

86.    Plaintiffs' fraud claims are barred for failure to plead with specificity.

87.    The Court lacks jurisdiction over these claims.

88.    Avoidance of the lien arising under the Note and Mortgage is inequitable.

89.    Plaintiffs have been unjustly enriched.

90.    Plaintiffs have not sustained any damages.

91.    Plaintiffs are not entitled to any damages under any federal or state law.

92.     Plaintiffs have failed to mitigate their damages, to the extent that any such damages have been sustained.

93.     SPS Defendants owe no duty to Plaintiffs, especially any alleged duty to "rectify" others alleged wrongs.

94.     To the extent Plaintiffs have sustained damages, which SPS Defendants deny, then said damages were caused by the conduct of other entities or parties over whom SPS Defendants have no control or right of control; some of whom were plaintiffs' agents.

95.     Plaintiffs were given all material disclosures in connection with the loan transaction required under state and federal law.

96.     Plaintiffs have not alleged any fraudulent conduct on the part of SPS Defendants.

97.     SPS Defendants are entitled to set-off and/or recoupment.

98.     Plaintiffs are in breach of the underlying note.

99.     Plaintiffs' recovery is barred, in whole or in part, in that they were contributorily negligent.

100.    SPS Defendants, as a matter of law, are not liable for statutory damages and attorneys' fees in that they are assignees of the refinancing loan in question.

101.    SPS Defendants have no liability to the Plaintiffs as there exists no violation of law that is apparent in the face of the disclosure statement.

102.    Plaintiffs are not entitled to the remedy of rescission because they have not met the necessary conditions precedent to rescission.

103.    SPS Defendants did not owe, or breach a duty to Plaintiffs.

104.    Plaintiffs' claims are barred in whole, or in part, because of Plaintiffs' contributory/comparative negligence and/or assumption of the risk.

105.   Plaintiffs did not incur any damages because they received the full basis of their bargain.

106.   Plaintiffs cannot sustain a cause of action against SPS Defendants because Plaintiffs do not live in the subject property.

107.   Plaintiff Roy Hamilton cannot sustain a cause of action against SPS Defendants because he is not a borrower under the Promissory Note and/or Mortgage.

108.   SPS Defendants did not engage in any fraudulent conduct, unconscionable business practice, false promises, knowing concealment, suppression or omission of material facts and/or make any material misrepresentations which violate the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et. seq.

109.   Plaintiffs' claims are barred by the parole evidence rule.

110.   SPS Defendants were not in a fiduciary relationship with the Plaintiffs.

111.   Plaintiffs failed to allege any alleged representations made by SPS Defendants, nor could they have reasonably relied upon any alleged representations made by SPS Defendants.

112.   Plaintiffs may not have a legally enforceable right, title or interest in and to the Property such that each may lack standing to sue and/or to recover damages and/or obtain the remedies he/she seeks.

113.   SPS Defendants lacked any notice that any of the mortgage loan(s) which are the subject of this lawsuit were allegedly fraudulent and/or non-existent.

114.   SPS Defendants reserve the right to add additional separate defenses as discovery progresses.

WHEREFORE, Defendants Select Portfolio Servicing, Inc. and U.S. Bancorp d/b/a U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation respectfully requests judgment in their favor including an award for costs and attorneys' fees and other such relief as the Court deems just and equitable.

## CROSS-CLAIM FOR INDEMNIFICATION
### DIRECTED TO CODEFENDANTS

115.   Without admitting any liability whatsoever on Plaintiffs' claims, SPS Defendants aver that in the event they are found liable for Plaintiffs' (which liability is specifically denied), then their liability is based on the acts and/or inactions and negligent conduct of all Co-Defendants and that such negligent conduct was the primary and contributory cause of any and all of Plaintiffs' alleged injuries, damages and losses

116.   As a result of the above, SPS Defendants are entitled to be indemnified and held harmless by the Co-Defendants.

WHEREFORE, Defendants Select Portfolio Servicing, Inc. and U.S. Bancorp d/b/a U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation, demand judgment in indemnification in their favor and against the Co-Defendants for any and all sums of money which may be found due and owing by SPS Defendants to Plaintiffs, together with costs, interest thereon, attorneys' fees and such other relief as this Court deems just.

## COUNTERCLAIM

### COUNT I – BREACH OF CONTRACT
**(Defendants/Counterclaim-Plaintiffs Select Portfolio Servicing, Inc. and U.S. Bank v. Maria Hamilton)**

117.    Defendants/Counterclaim-Plaintiffs SPS and U.S. Bank incorporates by reference the above answers as if the same were set forth herein at length.

118.    On August 16, 2006, Plaintiff/Counterclaim Defendant Maria Hamilton entered into a Mortgage and Promissory Note with defendant Argent Mortgage Company, LLC which was eventually assigned to SPS. A true and correct copy of the Promissory Note is attached hereto as Exhibit A; a true and correct copy of the Mortgage is attached hereto as Exhibit B.

119.    The Promissory Note provides that Maria Hamilton will pay principal and interest monthly commencing on October 1, 2006 and ending on September 1, 2036.  See, Exhibit A.

120.    The Promissory Note provides for the imposition of late charges and all of the Note Holder's (as defined therein) costs and expenses in enforcing the Note including reasonable attorneys' fees. See Exhibit A, para. 6(e).

121.    The Promissory Note further provides that Maria Hamilton is "personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed" and the "Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note." See Exhibit A, para. 9.

122.    The Mortgage provides that the borrower shall pay, when due, the principal of and interest in, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. See Exhibit B, para. 1.

123.    The Mortgage provides that the borrowers shall pay all taxes, assessments, charges, fines and impositions in the Property which can attain priority over the Mortgage.  <u>See</u> Exhibit B, para. 4.

124.    In breach of the terms of the Promissory Note and Mortgage, Maria Hamilton has not timely and fully paid the monthly mortgage payments or real estate taxes, school taxes, assessments, charges, fines and/or impositions on the Property which can attain priority over the Mortgage from approximately September 2008 to the present.

125.    Maria Hamilton is in default of the Promissory Note and the Mortgage and are liable thereon.

126.    Maria Hamilton owes the SPS Defendants the total amount of the loan principal, interest, late charges, other charges, and all advances made for payment of real estate taxes, school district taxes as well as other fees and charges which totals an amount in excess of $270,000.00.

127.    In the event that this Court determines that Plaintiff/Counterclaim Defendant Roy Hamilton entered into a Mortgage and Promissory Note with defendant Argent Mortgage Company, LLC, the allegations contained in Paragraphs 117 through 126 of SPS Defendants' Counterclaim are incorporated herein and are also directed against Plaintiff/Counterclaim Defendant Roy Hamilton.

**WHEREFORE**, Defendants Select Portfolio Servicing, Inc. and U.S. Bancorp d/b/a U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation respectfully requests judgment in their favor including an award for costs and attorneys' fees and other such relief as the Court deems just and equitable.

## COUNT II – UNJUST ENRICHMENT
### (Defendants/Counterclaim-Plaintiffs Select Portfolio
### Servicing, Inc. and U.S. Bank v. Maria Hamilton)

128.     Defendants/Counterclaim-Plaintiffs SPS and U.S. Bank incorporate by reference the above answers as if the same were set forth herein at length.

129.     As a result of Maria Hamilton, Roy Hamilton and/or Raphael Hamilton living in the Property without full and fair compensation being paid to SPS Defendants/Counter-Plaintiffs, Plaintiffs/Counter-Defendants Maria Hamilton and Roy Hamilton have been unjustly enriched at the expense of the SPS Defendants/Counter-Plaintiffs.

130.     As a direct and proximate result this conduct which has unjustly enriched the Plaintiffs/Counter-Defendants, Maria Hamilton and Roy Hamilton, at the expense of the SPS Plaintiffs/Counter-Defendants, the SPS Defendants/Counter-Plaintiffs have been damaged in an amount in excess of $ $270,000.00.

WHEREFORE, Defendants/Counter-Plaintiffs SPS and U.S. Bank respectfully request judgment in their favor and against the Plaintiffs/Counter-Defendants Maria Hamilton and Roy Hamilton, including an award of interest, costs and attorneys' fees and such other relief as the Court deems just and equitable.

Respectfully submitted,


   /s/ Amy J. Roy
Amy J. Roy, Esquire

ECKERT SEAMANS CHERIN &
MELLOTT, LLC

U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

Attorney for Defendants
Select Portfolio Servicing, Inc. and
U.S. Bank

OF COUNSEL:


Dorothy A. Davis, Esquire
ECKERT SEAMANS CHERIN &
     MELLOTT, LLC

U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Complaint and Counterclaim and Cross-Claim were filed electronically through the Court's CM/ECF System on this 23rd day of March, 2009.


                                 /s/ Amy J. Roy
                                 Amy J. Roy


*J1272176*