UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

Maria and Roy Hamilton,
Individually and as H/W
5926 Clover Leaf Dr.
Mays Landing, NJ  08330

Civil Action No. 1:08-cv-06370 RMB-AMD

                    Plaintiffs,

vs.

Argent Mortgage Company, LLC, Empire
Mortgage Services, Inc., Joe Lomax d/b/a
Empire Mortgage Services Inc., Select
Portfolio Servicing, Inc., U.S. Bancorp d/b/a
U.S. Bank National Association, as trustee,
John Does 1-10

                    Defendants.

**DEFENDANTS SELECT PORTFOLIO
SERVICING, INC. AND U.S BANK'S
BRIEF IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

Counsel for this Party:

AMY J. ROY, ESQUIRE

ECKERT SEAMANS CHERIN &
MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

**DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association,

as trustee (incorrectly identified as U.S. Bancorp d/b/a U.S. Bank National Association, as

trustee) ("U.S. Bank"), ("SPS" and "U.S. Bank" are collectively, "SPS Defendants"), by and

through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, file the following Brief

in Support of their Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

## TABLE OF CONTENTS

I.  INTRODUCTION.................................................................................2

II.  UNDISPUTED MATERIAL FACTS......................................................2

III.  ARGUMENT....................................................................................8

    A.  Summary Judgment Standard....................................................8

    B.  Plaintiff Roy Hamilton Cannot Maintain a Cause of Action
        Against the SPS Defendants Because He Was Not a Party to
        any of the Loan Documents....................................................10

    C.  U.S. Bank Cannot be Liable under the TILA as an Assignee
        Because it was not on Notice of Any Alleged TILA Violations.............11

    D.  U.S. Bank Cannot Be Liable Under the TILA Because Plaintiff
        Maria Hamilton Received and Signed All of the Required Loan
        Documents and They Were Accurate..........................................12

    E.  U.S. Bank is Not Subject to Assignee Liability Under HOEPA
        Because the Mortgage Did Not Exceed the HOEPA Threshold.............15

    F.  The SPS Defendants Cannot be Liable Under RESPA........................17

    G.  The SPS Defendants Cannot Be Liable Under TILA, HOEPA
        and/or RESPA Because it is Undisputed that Plaintiff Maria
        Hamilton Did Not Read, But Signed all of the Loan Documents.............17

    H.  This Court Should Grant Summary Judgment for the SPS' Defendants
        Counterclaim Against Plaintiff Maria Hamilton Because it is Undisputed
        that Plaintiff Maria Hamilton is in Default under the Mortgage.............18

IV.  CONCLUSION.................................................................................20

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

*ACLU-NJ ex rel Miller v. Twp. of Wall*, 246 F.3d 258 (3d Cir. 2001) .................................... 14

*ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994) ................................................................ 12

*Alexiou v. Brad Benson Mitsubishi*, 127 F. Supp. 2d 557 (D.N.J 2000) ..................................... 15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986) ..................................... 11

*Doe v. National Bd. of Med Exam'rs*, 199 F.3d 146 (3d Cir. 1999) ............................................. 14

*Greenfield v. Twin Vision Graphics, Inc.*, 268 F. Supp.2d 358 (D.N.J. 2003) ............................ 20

*Heffron v. Adamar of New Jersey, Inc.*, 270 F. Supp.2d 562 (D.N.J. 2003) ............................... 13

*In re Ikon Office Solutions, Inc.*, 277 F.3d 658 (3d Cir. 2002) .................................................... 13

*Interfaith Community Org. v. Honeywell Intern, Inc.*, 399 F.3d 248 (3d Cir. 2005)................... 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................. 14

*Public Interest Research Group of N.J. Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111 (3d Cir. 1997) ....................................................................................................................................... 13

*Quiroga v. Hasbro, Inc.*, 934 F.2d 497 (3d Cir. 1991) ............................................................... 12

*Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266 (3d Cir. 2004)................................. 21

*Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194 (3d Cir. 2000)........................................... 15

*Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120 (3d Cir. 1998) ....................................... 13

*Vallies v. Sky Bank*, 591 F.3d 152 (3d Cir. 2009) ...................................................................... 16

*Watson v. Eastman Kodak*, 235 F.3d 851 (3d Cir. 2000) ........................................................... 13

### <u>State Cases</u>
*Aden v. Fortsh,* 169 N.J. 64, 776 A.2d 792 (2001)………………………………………………18

*Riverside Chiropractic Group v. Mercury Ins. Co.*, 404 N.J. Super. 228, 961 A.2d 21 (2008)…18

**Federal Statutes**

15 U.S.C. §1602………………………………………………………………………16
15 U.S.C. §1605………………………………………………………………………14
15 U.S.C. §1640………………………………………………………………………13
15 U.S.C. §1641………………………………………………………………………12

**Federal Rules**

Federal Rule of Civil Procedure 56(c)……………………………………………………9

## I.      INTRODUCTION

On December 29, 2008, Plaintiffs Maria and Roy Hamilton commenced an action in the United States District Court for the District of New Jersey by filing a Complaint against Defendants Argent Mortgage Company, LLC ("Argent"), Empire Mortgage Services, Inc., Joe Lomax d/b/a Empire Mortgage Services Inc., Select Portfolio Servicing, Inc., U.S. Bank and John Does 1 – 10 (the "Complaint").[1]  The Complaint contains the following four counts: Count I - Truth in Lending Act ("TILA")/Home Ownership and Equity Protection Act ("HOEPA"); Count II - Real Estate Settlement Procedures Act ("RESPA"); Count III - New Jersey Consumer Fraud Act and Count IV - Fraudulent Misrepresentation (incorrectly identified as Count V in the Complaint).  The Complaint asserts claims against the SPS Defendants for violation of RESPA and a claim against U.S. Bank for violation of TILA/HOEPA.  A true and correct copy of the Complaint is attached hereto as Exhibit A to the SPS Defendants' Motion for Summary Judgment ("Motion").

On March 23, 2009, the SPS Defendants filed an Answer, Affirmative Defenses, Cross-Claim and Counterclaim.

## II.     UNDISPUTED MATERIAL FACTS

In August 2006, Plaintiff Maria Hamilton purchased a single family residential home located at 5926 Cloverleaf Drive in Mays Landing, New Jersey 08330 (the "Property") with a 10.6% mortgage (the "Mortgage") financed by defendant Argent.  A true and correct copy of the Mortgage is attached hereto as Exhibit B.  The purchase price of the Property was $248,000.  A true and correct copy of the Agreement to Sell Real Estate is attached hereto as Exhibit C.

---

[1] Defendants Empire Mortgage Services, Inc. and Joe Lomax d/b/a Empire Mortgage Services, Inc. have not entered their appearance in the New Jersey Action.

The Mortgage and accompanying documents establish that only Plaintiff Maria Hamilton is a party to the Mortgage.  Plaintiffs Maria and Roy Hamilton both admitted during their depositions that Plaintiff Roy Hamilton is not a party to the Mortgage or any loan documents for the Property.  *See* deposition transcript of Plaintiff Maria Hamilton dated October 7, 2009, at p. 86, lines 23-24; p. 87, lines 1-3; and deposition transcript of Plaintiff Roy Hamilton, dated October 7, 2009, at p. 9, lines 16-19.   True and correct copies of Plaintiffs Maria Hamilton and Roy Hamilton's deposition transcripts are attached hereto as Exhibits D and E, respectively.

It is undisputed that, prior to closing, Defendant Lomax, and only Defendant Lomax, claimed he could provide Plaintiffs with a $1,500.00 per month mortgage payment, with an 8% interest rate.  *See* Exhibit D, at p. 123, lines 5-21.  However, at the closing and prior to Plaintiff Maria Hamilton signing any of the Loan Documents,[2] Plaintiffs were told by Defendant Lomax that the interest rate for the Mortgage was 10.6% with a monthly payment of "about $2,100.00." *See* Exhibit D, at p. 81, lines 23-24.  Plaintiff Maria Hamilton admitted that the 10.6% interest rate and $2,100.00 monthly payment were explained to her at the closing.  *See* Exhibit D, at p. 81, lines 17-24. Notwithstanding, Plaintiff Maria Hamilton signed all of the Loan Documents. Specifically, Plaintiff Maria Hamilton testified as follows:

Q.    And did you learn this before you started signing everything?

A.    Yes.

*See* Exhibit D, at p. 79, line 19.

It is undisputed that, at the closing, Plaintiff Maria Hamilton received and signed the following documents:

---

[2]  *See* Definition of Loan Documents below.

1.    New Jersey Properties Right to Own Attorney Disclosure;[3]

2.    Borrower's Certification of Income;

3.    Final Payments, Fees and Early Prepayment Charge;

4.    Borrower's Acknowledgement of Final Loan Terms;[4]

5.    Payment Information;[5]

6.    Important Notice to Borrowers;

7.    Adjustable Rate Note;

8.    Adjustable Rate Rider;[6]

9.    Mortgage;

10.    HUD-1 Settlement Statement;

11.    Truth-In-Lending Disclosure Statement; and

12.    Uniform Residential Loan Application

The above documents are collectively referred to as the "Loan Documents." *See* Exhibit D, at p. 71, lines 12-16; p. 86, lines 2-4.

Plaintiff Maria Hamilton signed the "Borrowers Certification of Income" where she blatantly misrepresented her gross income as $10,000 per month. *See* a true and correct copy of the Borrowers Certification of Income attached hereto as Exhibit F; Exhibit D, at p. 97, lines 22-24. Meanwhile, at the time of closing, Plaintiff Maria Hamilton was unemployed. *See* Exhibit D, at p. 53, lines 7-10.

_____

[3] *See* New Jersey Properties Right to Own Attorney Disclosure attached hereto as Exhibit M.
[4] *See* Borrower's Acknowledgement of Final Loan Terms attached hereto as Exhibit N to the Motion.
[5] *See* Payment Information attached as Exhibit O to the Motion.
[6] *See* Adjustable Rate Rider attached hereto as Exhibit P.

Plaintiff Maria Hamilton also received and signed both the Final Payments, Fees and Early Payment Precharge document ("Final Payments Document") and the Uniform Residential Loan Application ("Application") that both provided the accurate monthly mortgage payment, the fees incurred to obtain the Mortgage, the annual percentage rate and the amount financed. *See* a true and correct copy of the Final Payments Document and Application attached hereto as Exhibits G and H to the Motion, respectively.   The Final Payments Document and Application provide that the Mortgage has an 10.6% interest rate with a monthly payment of $2,172.76. *See* Exhibits G and H.

At the closing, Plaintiff Maria Hamilton received and signed the HUD Settlement Statement (the "HUD Statement").   *See* a true and correct copy of the HUD Statement attached hereto as Exhibit I.   The HUD Statement clearly identifies all charges that were made in connection with the loan and proceeds taken from the loan.   It is undisputed that Plaintiff Maria Hamilton signed the HUD Statement.   *See* Exhibit D, at p. 114, lines 12-21.   Plaintiff Maria Hamilton also received and signed the "Important Notice to Borrowers" wherein she acknowledged that she read the Loan Documents and fully understood the terms of the closing. *See* Important Notice to Buyers attached hereto as Exhibit J. *See* Exhibit D, at p. 105, lines 13-19.

At closing, Plaintiff Maria Hamilton signed all of the Loan Documents without reading any of the Loan Documents.   Plaintiff Maria Hamilton admitted that she failed to read the Loan Documents at closing:

> Q.   Did you review any of [the Loan Documents] before you signed?
>
> A.   No.
>
> *       *       *       *

> Q.     And it's your testimony that you showed up on August
> 16th, 2006 at the closing and you signed these documents without
> reading them, correct?
>
> A.     Correct.

See Exhibit D, at p. 71, lines 17-18; and at p. 169, lines 16-20.

At the closing, Plaintiffs never objected to the 10.6% interest rate and/or new monthly
payment.  In fact, they never even told Defendant Lomax that they were concerned about the
new terms:

> Q.     And did you voice those concerns to [Defendant] Lomax?
> Did you say, 'wait a minute, [Defendant] Lomax, we had
> an agreement here.  You are not following that agreement?'
>
> A.     No, I didn't say that.
>
> Q.     You didn't say anything?
>
> A.     No.
>
> *               *               *               *
>
> Q.     Now, you didn't raise any concerns to [Defendant] Lomax.
> Did anyone else from your family say anything to him
> about this shift with respect to these items for your
> mortgage and loan?
>
> A.     No.  The only persons there were myself, my husband, and
> my son from our family and, you know, we all knew we
> were in a bad position.  So no, we didn't say anything.  My
> husband didn't say anything, my son didn't say anything.

See Exhibit D, at p. 83, lines 16-21; and at p. 84, lines 1-9.

Also, it is undisputed that neither of the Plaintiffs had any conversations with the SPS
Defendants prior to or during the closing.  See Exhibit D, at p. 112, lines 9-13; p. 159, lines 9-24;
p. 170, lines 1-4.  In fact, SPS did not even become the servicer for the Mortgage until November
2006, three months after the closing.  See Exhibit D, at p. 160, lines 13-24;  p. 161, lines 1-6.
The Mortgage was not assigned to U.S. Bank until after the closing.  See Exhibit D, at p. 170,

lines 1-4. Therefore, the SPS Defendants did not make any representations to Plaintiffs regarding the interest rate or the monthly payment. *See* Exhibit D, at p. 163, lines 1-8.

Plaintiff Maria Hamilton is in breach of her obligations under the Mortgage for her failure to make her Mortgage Payments.  Such breach is undisputed.  On August 16, 2006, Plaintiff Maria Hamilton entered into a Mortgage and Promissory Note with defendant Argent Mortgage which was eventually assigned to SPS.  A true and correct copy of the Promissory Note is attached hereto as Exhibit L.  The Promissory Note provides that Maria Hamilton will pay principal and interest monthly commencing on October 1, 2006 and ending on September 1, 2036. *See* Exhibit L.  The Promissory Note provides for the imposition of late charges and all of the Note Holder's (as defined therein) costs and expenses in enforcing the Note including reasonable attorneys' fees. *See* Exhibit L, ¶ 7(E).

The Promissory Note further provides that Plaintiff Maria Hamilton is "personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed" *See* Exhibit L, ¶ 9.  The Mortgage provides that the borrower shall pay, when due, the principal of and interest in, the debt evidenced by the Note and any prepayment charges and late charges due under the  Note. *See* Exhibit B, ¶ 1. The Mortgage provides that the borrowers shall pay all taxes, assessments, charges, fines and impositions in the Property which can attain priority over the Mortgage. *See* Exhibit B, ¶ 4.

It is undisputed that Plaintiff Maria Hamilton is in breach of the Mortgage and Promissory Note for her failure to pay the monthly mortgage payments, real estate taxes, school taxes, assessments, charges, fines and/or impositions on the Property from September 2008 to the present.  Plaintiff Maria Hamilton owes the SPS Defendants $309.775.77 for the amount of the loan principal, interest, late charges, other charges, and all advances made for payment of real

estate taxes, school district taxes, as well as other fees and charges. *See* Affidavit of Mindy Leetham attached hereto as Exhibit Q.

Plaintiff Maria Hamilton admitted that she only paid the first three mortgage payments in full and on time. *See* Exhibit D, at p. 96, lines 2-8. Plaintiff Maria Hamilton then simply stopped making her Mortgage payments. *See* Exhibit D, at p. 99, line 7 – p. 103, line 7. In fact, the last payment that Plaintiff Maria Hamilton made "was some time – perhaps the end of [2008]." *See* Exhibit D, at p. 103, line 7; p.100, lines 23-24.

Plaintiff Maria Hamilton admitted that she is in default under her mortgage:

> Q.   Now, since you haven't maintained your mortgage payments, Ms. Hamilton, would you agree that you failed to fulfill the promises that are contained in your mortgage and note?
>
> A.   Yes.

*See* Exhibit D, p. 166, lines 4-8. It is also undisputed, by Plaintiff Maria Hamilton's own admission, that she is in default of her Mortgage for failing to pay taxes and insurance. *See* Exhibit D, p. 165, line 1 – p. 166, line 3.

## III.   ARGUMENT

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). A fact is "material" if it might affect the outcome of the suit under relevant substantive law. *Id.* To defeat summary judgment, the

nonmovant may not "rest upon mere allegations, general denials or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1991). In this case, Plaintiffs are bound by the terms of the Loan Documents and by their pleadings and to the extent the Loan Documents contradict the conclusory allegations of their pleadings, the Loan Documents control. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 n.8 (3d Cir. 1994).

Summary judgment is warranted in this case for several reasons. As an initial matter, Defendant Roy Hamilton is not a party to the Loan Documents. Thus, he has no standing to bring this lawsuit. Notwithstanding, as demonstrated below, Plaintiffs cannot sustain their burden of proving that the SPS Defendants violated TILA, HOEPA and/or RESPA. All of the undisputed facts developed during discovery prove that the Loan Documents contain the requisite material disclosures required by law. *See* Statement of Material Facts submitted herewith. The record also establishes that the SPS Defendants were assignees as the servicer and mortgagor. Thus, it is undisputed that the SPS Defendants did not make any representations to the Plaintiffs prior to or during the closing of the Mortgage. *See* Exhibit D, at p. 159, lines 9-24; p. 162, line 5 - p. 163, line 17.

Furthermore, this action has been pending since December 2008. Discovery in this case closed on February 1, 2010. During the pendency of this litigation, Plaintiffs have not initiated any discovery to support their claims. Plaintiffs have not served Interrogatories, Request for Production, Request for Admissions or Subpoenas, nor have they conducted any depositions of any individuals. Such failure to prosecute this case, leaves Plaintiffs with bald allegations contained in the Complaint that are contradicted by the undisputed record. Plaintiffs have completely and utterly: (1) failed to bear their burden of proof; (2) presented no evidence that would support their claims; (3) merely relied on bald allegations contained in the Complaint that

are contradicted by the undisputed record; and (4) have not conducted any discovery that would create a genuine issue of material fact. *See Watson v. Eastman Kodak*, 235 F.3d 851, 857-58 (3d Cir. 2000)(finding that summary judgment was proper where plaintiff failed to support claim with evidence); *In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002); (finding a "court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.") *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998)(noting "it is by now axiomatic that 'a nonmoving party … cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit to that effect.'"(citations omitted)); *Heffron v. Adamar of New Jersey, Inc.,* 270 F. Supp.2d 562, 574-75 (D.N.J. 2003)(summary judgment granted where plaintiff filed to produce sufficient evidence in the record to create a genuine issue of material fact).

Thus,  this Court should grant the SPS Defendants Motion.

**B.    Plaintiff Roy Hamilton Cannot Maintain a Cause of Action Against the SPS Defendants Because He Was Not a Party to any of the Loan Documents.**

Plaintiff Roy Hamilton lacks standing to sue the SPS Defendants because, by his own admission, he is not a party to any of the Loan Documents.  Standing is a threshold matter in every case and must be demonstrated to sustain a claim for relief.  *Public Interest Research Group of N.J. Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).  Standing must be addressed prior to and independent of the merits of a party's claims.  *Interfaith Community Org. v. Honeywell Intern, Inc.*, 399 F.3d 248, 254 (3d Cir. 2005).

Standing must be maintained by a plaintiff during all stages of the proceeding. *Id.*  The Constitutional limitation of the federal courts to "cases" and "controversies," U.S. Const., art. III,

§2, cl. 1., is a core component of the standing requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To establish standing, a plaintiff must show (1) an injury-in-fact, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury will likely be redressable by the judicial process. *Lujan*, 504 U.S. at 560. *See also Doe v. National Bd. of Med Exam'rs*, 199 F.3d 146, 152 (3d Cir. 1999). The plaintiff has the burden of proving standing. *ACLU-NJ ex rel Miller v. Twp. of  Wall*, 246 F.3d 258 (3d Cir. 2001).

Plaintiff Roy Hamilton fails to demonstrate that he has standing because he cannot show a "causal connection" between any alleged injury and the conduct complained of which is required to satisfy the "traceability" element in the standing analysis because, by his own admission, he is not a party to Loan Documents. *Lujan*, 504 U.S. at 560.

Specifically, Plaintiff Roy Hamilton testified to the following:

> Q.   It's solely your wife that is on the mortgage documents here; is that correct?
>
> A.   Yes.

*See* Exhibit E, at p. 12, lines 16-18.

Thus, Plaintiff Roy Hamilton lacks standing to bring TILA, HOEPA and/or RESPA claims.

**C.   U.S. Bank Cannot be Liable under the TILA as an Assignee Because it was not on Notice of Any Alleged TILA Violations.**

It is undisputed that U.S. Bank is an assignee of Plaintiff Maria Hamilton's Mortgage. *See* Exhibit A at, ¶ 52.  U.S. Bank cannot be held liable as an "assignee" of the Mortgage when all of the Loan Documents were accurate and signed by Plaintiff Maria Hamilton.  Even if this Court were to find inaccuracies in the Loan Documents, which the SPS Defendants do not concede, the Loan Documents did not put U.S. Bank on notice of any alleged inaccuracies.  Such notice is required, as a matter of law, in order to trigger assignee liability under TILA.

Section 1641 of the TILA provides, in pertinent part:

> Liability of assignees
>
> (a) Prerequisites
>
> [A]ny civil action for a violation of this subchapter . . . which may be brought against a creditor may be maintained against any assignee of such creditor **only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement,** except where the assignment was involuntary.  For purposes of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. §1641 (a)(emphasis added).  *See Ramadan v. Chase Manhattan Corp.,* 229 F.3d 194, 197 (3d Cir. 2000).  *See also Alexiou v. Brad Benson Mitsubishi,* 127 F. Supp. 2d 557, 560 (D.N.J 2000).

Here, there is no evidence in the record that there were violations of, or inaccuracies contained in, the Loan Documents.  Nor is there any evidence in the record that U.S. Bank was aware of alleged TILA violations.  As the Loan Documents establish and as detailed below, the Mortgage terms were accurately disclosed as a matter of law.  Therefore, this Court should grant the SPS Defendants' Motion and dismiss Count I against U.S. Bank.

**D.    U.S. Bank Cannot Be Liable Under the TILA Because Plaintiff Maria Hamilton Received and Signed All of the Required Loan Documents and They Were Accurate**

Plaintiffs claim that U.S. Bank "failed to deliver all 'material' disclosures required by TILA and Regulation Z."  Specifically, Plaintiffs allege that U.S. Bank failed to disclose the "amount financed," "finance charge," "annual percentage rate," and "special disclosure requirements of Regulation Z," and to provide a requisite disclosures under TILA and HOEPA."

*See* Exhibit A, Complaint, ¶ 66(a) through (e).  Such bald allegations are flatly contradicted by the undisputed documentary evidence.

TILA requires a creditor to disclose the amount of the finance charge imposed on any loan.  *See* 15 U.S.C. §1640.  Where, as here, it can be ascertained that the finance charge is materially accurate as a matter of law under TILA, summary judgment for the lender is warranted.  *Rivers v. Credit Suisse Boston Fin. Corp.,* No. 05-6011, 2007 U.S. Dist. LEXIS 23621, at *10 (D.N.J. Mar. 30, 2007)(finding that plaintiff's claim failed  because points payable were properly included as part of the finance charge). *See also Payan v. Greenpoint Mortg. Funding*, No. 08-cv-6390, 2010 U.S. Dist. LEXIS 668, at *28 (D.N.J. Jan. 6, 2010); *Vallies v. Sky Bank,* 591 F.3d 152, 162-63 (3d Cir. 2009) (granting summary judgment to lender on borrower's TILA violation charges where buyer could not prove detrimental reliance).

Section 1605 of TILA, entitled "Determination of finance charge," enumerates which types of charges are to be included in the finance charge:

> (a)    "Finance charge" defined.  Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. . . .  The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges. Examples of charges which are included in the finance charge include any of the following types of charges which are applicable:
>
>> (1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges.
>>
>> (2) Service or carrying charge.
>>
>> (3) Loan fee, finder's fee, or similar charge.
>>
>> (4) Fee for an investigation or credit report.

(5) Premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

(6) Borrower-paid mortgage broker fees, including fees paid directly to the broker or the lender (for delivery to the broker) whether such fees are paid in cash or financed.

15 U.S.C. §1605 (a).

As detailed below, it is clear as a matter of law that the amount calculated on both the Disclosure Statement and the Settlement Statement accurately and fully disclosed all "finance charges" within the meaning of TILA, as well as all other costs and fees that were paid from the Mortgage proceeds. The Disclosure Statement sets out the terms of the Mortgage as follows: "Finance Charge," which is defined on the Disclosure Statement as "[t]he dollar amount the credit will cost me" is $604,395,62. *See* TILA Disclosure Statement attached hereto as Exhibit K. The "Amount Financed," defined as "[t]he amount of credit provided to me or on my behalf" is $230,271.28. The "Total of Payments," defined as "[t]he amount I will have paid after I have made all payments as scheduled" is $834,666.90. The Disclosure Statement also provides the number of installment payments (totaling 360) and the amount of each installment ($2,315.71 for the first payment and $2,172.76 for the next 24 payments and $2,328.94 for the remaining 335 payments). *See* Exhibit K.

Plaintiff Maria Hamilton also received and signed both the Final Payments, Fees and Early Payment Precharge document ("Final Payments Document") and the Uniform Residential Loan Application ("Application") that both provided the accurate monthly mortgage payment, the fees incurred to obtain the Mortgage, the annual percentage rate and the amount financed. *See* Exhibits G and H. The Final Payments Document and Application provide that the Mortgage has an 10.6% interest rate with a monthly payment of $2,172.76. *See* Exhibits G and H.

At the closing, Plaintiff Maria Hamilton received and signed the HUD Settlement Statement (the "HUD Statement"). *See* Exhibit I. The HUD Statement clearly identifies all charges that were made in connection with the loan and proceeds taken from the loan. It is undisputed that Plaintiff signed the HUD Statement. *See* Exhibit D, at p. 114, lines 12-21. Plaintiff Maria Hamilton also received and signed the "Important Notice to Borrowers" wherein she acknowledged that she read the Loan Documents and fully understood the terms of the closing. *See* Exhibit J; Exhibit D, at p. 105, lines 13-19.

In sum, the disclosures to Plaintiff Maria Hamilton were materially accurate as a matter of law by a plain reading of TILA. Thus, U.S. Bank is entitled to summary judgment dismissing Plaintiffs' TILA claim.

**E.    U.S. Bank is Not Subject to Assignee Liability Under HOEPA Because the Mortgage Did Not Exceed the HOEPA Threshold.**

Plaintiffs assert that U.S. Bank is subject to liability under HOEPA because "the total points and fees Defendants charged Plaintiff, in addition to interest, exceeded eight percent of the total loan amount or in that the APR trigger pursuant to HOEPA was met with respect to this transaction." See Exhibit A, Complaint, ¶ 68. As an initial matter, contrary to Plaintiffs' assertion, 12 C.F.R. § 226.32(b)(1) specifically excludes "interest" from determining the amount of points and fees associated with a loan. Nevertheless, Plaintiffs' claim has no merit and is totally contradicted by the Loan Documents.

HOEPA defines "high cost" mortgages as:

> (aa)(1) . . . a consumer credit transaction that is secured by the consumer's principal dwelling . . . if – (A) the annual percentage rate at the consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (B) the

> **total points and fees payable by the consumer at or before the
> closing will exceed the greater of – (i) 8 percent of the total loan
> amount; or (ii) $400.**

15 U.S.C. §1602 (aa)(1)(A-B)(emphasis added).[7]

The documented record completely contradicts Plaintiffs' bald assertion that the points and fees exceeded eight percent of the Mortgage. The fees and points for Plaintiffs' Mortgage would need to be at least $18,421.70 in order to exceed eight percent of the Mortgage. It is undisputed that the fees and points for Plaintiff Maria Hamilton's Mortgage were $7,590.72. *See* Exhibits I and G. Thus, Plaintiffs' argument has no merit.

The Settlement Statement and the Final Payments Document both provide that the fees associated with the Mortgage are $7,590.72. *See* Exhibits I and G. The Final Payments Document provides in part: "You will be charged a total of $7,590.72 in fees to obtain this mortgage loan. Theses fees include $2,093.72 paid to us, $2,956.00 paid to your mortgage broker, and $2,541.00 which will be paid to others for services or fees charged in connection with your loan. In addition, we will pay your mortgage broker $4,712.00." *See* Exhibit G. The Settlement Statement specifically provides that the "Total Settlement Charges" are $7,590.72. *See* Exhibit I.

Thus, this Court should grant the SPS Defendants' Motion and dismiss Count I of Plaintiffs' Complaint against U.S. Bank.

---

[7] "Points and fees" are defined by §226.32 (b)(1)("Regulation Z") to include the following:
  (i)     All items required to be disclosed under §226.4(a) and 226.4(b);
  (ii)    All compensation paid to mortgage brokers;
  (iii)   All items listed in §226.4(c)(7)(other than amounts held for future payment of taxes) unless the charge
          is reasonable [and] the charge is not paid to an affiliate of the creditor; and
  (iv)    Premiums, or other charges for credit life, accident, health, or loss of income insurance . . . .

12 C.F.R. §226.32(b)(1). *See also* 15 U.S.C. §1602 (aa)(4).

**F.**     **The SPS Defendants Cannot be Liable Under RESPA.**

Plaintiffs vaguely allege that all Defendants are liable under RESPA because the Plaintiffs incurred "pre-paid finance charges." Complaint, ¶ 72. However, there is no evidence in the record that provides any support to this blanket and vague allegation. None of the Loan Documents show that the Plaintiffs incurred any pre-paid finance charges. Thus, this Court II should grant the SPS' Motion for Summary Judgment and dismiss Count II.

**G.**     **The SPS Defendants Cannot Be Liable Under TILA, HOEPA and/or RESPA Because it is Undisputed that Plaintiff Maria Hamilton Did Not Read, But Signed all of the Loan Documents.**

Plaintiff Maria Hamilton signed all of the Loan Documents, but by her own admission, did not read **any** of said documents. Plaintiff Maria Hamilton cannot now cry foul against the SPS Defendants when she chose not to read the Loan Documents, signed them anyway, and now wants to avoid her legal obligations under the Loan Documents. The SPS Defendants cannot be liable for any alleged failure to disclose any material terms (which the SPS Defendants do not concede) because Plaintiff Maria Hamilton did not read any of the documents.

A party "who does not choose to read a contract before signing it cannot later relieve himself of its burdens." *Riverside Chiropractic Group v. Mercury Ins. Co.*, 404 N.J. Super. 228, 238, 961 A.2d 21, 27 (2008) (citing *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 386, 161 A.2d 69, 84 (1960)). "When one contracts with another, the contracting parties may have an obligation to read the contract because if they assent without so doing, they cannot later assert that their agreement was different from that expressed in writing." *Aden v. Fortsh*, 169 N.J. 64, 86, 776 A.2d 792, 805 (2001).

Under New Jersey law, "it is well settled that affixing a signature to a contract creates a conclusive presumption that the signer read, understood, and assented to its terms." *Greenfield*

*v. Twin Vision Graphics, Inc.*, 268 F. Supp.2d 358, 373-74 (D.N.J. 2003) (citing *Fleming Cos.*, *Inc. v. Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837, 843 (D.N.J. 1995)); *see also Raiczyk v. Ocean County Veterinary Hosp.*, 377 F.3d 266, 270 (3d Cir. 2004) ("it is well settled that signing a contract creates a conclusive presumption that the signer read, understood, and assented to its terms") (citations, quotations omitted).

Plaintiff Maria Hamilton chose not to read any of the Loan Documents. Thus, the SPS Defendants cannot be liable for any alleged failure to disclose material terms, even assuming arguendo that there were any inaccurate disclosures, which again the SPS Defendants do not concede. Thus, this Court should grant the SPS Defendants' Motion and dismiss the Complaint with prejudice.

**H.   This Court Should Grant Summary Judgment for the SPS' Defendants Counterclaim Against Plaintiff Maria Hamilton Because it is Undisputed that Plaintiff Maria Hamilton is in Default under the Mortgage.**

On August 16, 2006, Plaintiff Maria Hamilton entered into a Mortgage and Promissory Note with defendant Argent Mortgage which was eventually assigned to SPS. A true and correct copy of the Promissory Note is attached hereto as Exhibit L. The Promissory Note provides that Maria Hamilton will pay principal and interest monthly commencing on October 1, 2006 and ending on September 1, 2036. *See* Exhibit L. The Promissory Note provides for the imposition of late charges and all of the Note Holder's (as defined therein) costs and expenses in enforcing the Note including reasonable attorneys' fees. *See* Exhibit L, ¶ 7(E).

The Promissory Note further provides that Plaintiff Maria Hamilton is "personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed" *See* Exhibit L, ¶ 9. The Mortgage provides that the borrower shall pay, when due, the principal of and interest in, the debt evidenced by the Note and any prepayment charges

and late charges due under the Note. *See* Exhibit B, ¶ 1. The Mortgage provides that the borrowers shall pay all taxes, assessments, charges, fines and impositions in the Property which can attain priority over the Mortgage. *See* Exhibit B, ¶ 4.

It is undisputed that Plaintiff Maria Hamilton is in breach of the Mortgage and Promissory Note for her failure to pay the monthly mortgage payments, real estate taxes, school taxes, assessments, charges, fines and/or impositions on the Property from September 2008 to the present. *See* Statement of Account attached hereto as Exhibit M. Plaintiff Maria Hamilton owes the SPS Defendants $309,775.77 for the total amount of the loan principal, interest, late charges, other charges, and all advances made for payment of real estate taxes, school district taxes, as well as other fees and charges. *See* Exhibit Q.

Plaintiff Maria Hamilton admitted that she only paid the first three mortgage payments in full and on time. *See* Exhibit D, p. 96, lines 2-8. She then simply stopped making her Mortgage payment, *See* Exhibit D, p. 99, line 7 – p. 103, line 7. In fact, the last payment that Plaintiff Maria Hamilton allegedly made "was some time – perhaps the end of [2008]." *See* Exhibit D, p. 103, lines 1-7; p. 100, line 24.

Plaintiff Maria Hamilton admitted that she is in default under her mortgage:

> Q.   Now, since you haven't maintained your mortgage payments, Ms. Hamilton, would you agree that you failed to fulfill the promises that are contained in your mortgage and note?
>
> B.   Yes.

*See* Exhibit D, p. 166, lines 4-8.

Thus, this Court should grant judgment in favor of the SPS Defendants against Plaintiff Maria Hamilton.

## IV.    <u>CONCLUSION</u>

For all of the aforementioned reasons, the SPS Defendants respectfully request that this Court grant their Motion for Summary Judgment.

Dated:   March 4, 2010

Respectfully submitted,


  /s/ Amy J. Roy         
Amy J. Roy
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

Attorney for Defendants
Select Portfolio Servicing, Inc. and
U.S. Bank

Dated: March 4, 2010

OF COUNSEL:

Dorothy A. Davis, Esquire

ECKERT SEAMANS CHERIN &
       MELLOTT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh PA  15219
412.566.6000 telephone
412.566.6099 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT WAS FILED ELECTRONICALLY,** on this 4th day of March 2010, upon the following:

Matthew B. Weisberg, Esq.
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

Parker Vincent Sherry, Esq.
Kaplin Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corporate Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422

 /s/ Amy J. Roy