UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

MARIA AND ROY HAMILTON,

          Plaintiffs,          Civil Action No. 1:08-cv-06370
                                      RMB-AMD

          v.

ARGENT MORTGAGE
COMPANY, LLC, et al.,

          Defendants.

**DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

      Pursuant to Federal Rule of Civil Procedure (**"**Fed. R. Civ. P**."**) 56 and Local Civil Rule (**"**L. Civ. R.**"**) 56.1, Defendants Select Portfolio Servicing, Inc., ("SPS") and U.S. Bank National Association, as trustee, ("U.S. Bank"),  ("SPS" and "U.S. Bank" are collectively, "SPS Defendants"), by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, file the following statement of material facts not in dispute:

      1.     In August 2006, Plaintiff Maria Hamilton purchased a single family residential home located at 5926 Cloverleaf Drive in Mays Landing, New Jersey 08330 (the "Property") with a 10.6% mortgage (the "Mortgage") financed by defendant Argent.  *See* Exhibit B attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment.

      2.     The purchase price of the Property was $248,000.  *See* Exhibit C attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment.

   3. On August 16, 2006, Plaintiff Maria Hamilton entered into a Mortgage and Promissory Note with defendant Argent Mortgage which was eventually assigned to SPS. *See* a true and correct copy of the Promissory Note is attached to the SPS Defendants' Brief as Exhibit L.

   4. The Promissory Note provides that Maria Hamilton will pay principal and interest monthly commencing on October 1, 2006 and ending on September 1, 2036. *See* Exhibit L.

   5. The Promissory Note provides for the imposition of late charges and all of the Note Holder's (as defined therein) costs and expenses in enforcing the Note including reasonable attorneys' fees. *See* Exhibit L, ¶ 7(E).

   6. The Promissory Note further provides that Plaintiff Maria Hamilton is "personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed" *See* Exhibit L, ¶ 9.

   7. The Mortgage provides that the borrower shall pay, when due, the principal of and interest in, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. *See* Exhibit B, ¶ 1.

   8. The Mortgage provides that the borrowers shall pay all taxes, assessments, charges, fines and impositions in the Property which can attain priority over the Mortgage. *See* Exhibit B, ¶ 4.

   9. The Mortgage and accompanying documents establish that only Plaintiff Maria Hamilton is a party to the Mortgage. *See* deposition transcript of Plaintiff Maria Hamilton dated October 7, 2009, at p. 86, lines 23-24; p. 87, lines 1-3; and deposition transcript of Plaintiff Roy Hamilton, dated October 7, 2009, at p. 9, lines 16-19.  True and correct copies of Plaintiffs

Maria Hamilton and Roy Hamilton's deposition transcripts are attached hereto as Exhibits D and E to the Brief in Support of the SPS Defendants' Motion for Summary Judgment, respectively.

10. Plaintiffs Maria and Roy Hamilton both admitted during their depositions that Plaintiff Roy Hamilton is not a party to the Mortgage or any loan documents for the Property. *See* Exhibits D and E.

11. It is undisputed that, prior to closing, Defendant Lomax, and only Defendant Lomax, claimed he could provide Plaintiffs with a $1,500.00 per month mortgage payment, with an 8% interest rate. *See* Exhibit D, at p. 123, lines 5-21.

12. However, at the closing and prior to Plaintiff Maria Hamilton signing any of the Loan Documents,[1] Plaintiffs were told by Defendant Lomax that the interest rate for the Mortgage was 10.6% with a monthly payment of "about $2,100.00."  *See* Exhibit D, at p. 81, lines 23-24.

13. Plaintiff Maria Hamilton admitted that the 10.6% interest rate and $2,100.00 monthly payment were explained to her at the closing. *See* Exhibit D, at p. 81, lines 17-24.

14. Notwithstanding, Plaintiff Maria Hamilton signed all of the Loan Documents. Specifically, Plaintiff Maria Hamilton testified as follows:

> Q. And did you learn this before you started signing everything?
>
> A. Yes.

*See* Exhibit D, at p. 79, line 19.

15. It is undisputed that, at the closing, Plaintiff Maria Hamilton received and signed the following documents:

---

[1] *See* Definition of Loan Documents below.

        a.        New Jersey Properties Right to Own Attorney Disclosure;[2]

        b.        Borrower's Certification of Income;

        c.        Final Payments, Fees and Early Prepayment Charge;

        d.        Borrower's Acknowledgement of Final Loan Terms;[3]

        e.        Payment Information;[4]

        f.        Important Notice to Borrowers;

        g.        Adjustable Rate Note;

        h.        Adjustable Rate Rider;[5]

        i.        Mortgage;

        j.        HUD-1 Settlement Statement;

        k.        Truth-In-Lending Disclosure Statement; and

        l.        Uniform Residential Loan Application

The above documents are collectively referred to as the "Loan Documents." *See* Exhibit D, at p. 71, lines 12-16; p. 86, lines 2-4.

        16.      Plaintiff Maria Hamilton signed the "Borrowers Certification of Income" where she blatantly misrepresented her gross income as $10,000 per month. *See* a true and correct copy of the Borrowers Certification of Income attached hereto as Exhibit F; Exhibit D, at p. 97, lines 22-24.

---

[2] *See* New Jersey Properties Right to Own Attorney Disclosure attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit M.
[3] *See* Borrower's Acknowledgement of Final Loan Terms attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit N.
[4] *See* Payment Information attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit O.
[5] *See* Adjustable Rate Rider attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit P.

17. Meanwhile, at the time of closing, Plaintiff Maria Hamilton was unemployed. *See* Exhibit D, at p. 53, lines 7-10.

18. Plaintiff Maria Hamilton also received and signed both the Final Payments, Fees and Early Payment Precharge document ("Final Payments Document") and the Uniform Residential Loan Application ("Application") that both provided the accurate monthly mortgage payment, the fees incurred to obtain the Mortgage, the annual percentage rate and the amount financed. *See* a true and correct copy of the Final Payments Document and Application attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibits G and H, respectively.

19. The Final Payments Document and Application provide that the Mortgage has an 10.6% interest rate with a monthly payment of $2,172.76. *See* Exhibits G and H.

20. At the closing, Plaintiff Maria Hamilton received and signed the HUD Settlement Statement (the "HUD Statement"). *See* a true and correct copy of the HUD Statement attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit I.

21. The HUD Statement clearly identifies all charges that were made in connection with the loan and proceeds taken from the loan.

22. It is undisputed that Plaintiff Maria Hamilton signed the HUD Statement. *See* Exhibit D, at p. 114, lines 12-21.

23. Plaintiff Maria Hamilton also received and signed the "Important Notice to Borrowers" wherein she acknowledged that she read the Loan Documents and fully understood the terms of the closing. *See* Important Notice to Buyers attached to the Brief in

Support of the SPS Defendants' Motion for Summary Judgment as Exhibit J.  *See also* Exhibit D, at p. 105, lines 13-19.

24. As detailed below, it is clear as a matter of law that the amount calculated on both the Disclosure Statement and the Settlement Statement accurately and fully disclosed all "finance charges" within the meaning of TILA, as well as all other costs and fees that were paid from the Mortgage proceeds.

25. The Disclosure Statement sets out the terms of the Mortgage as follows: "Finance Charge," which is defined on the Disclosure Statement as "[t]he dollar amount the credit will cost me" is $604,395,62.  *See* TILA Disclosure Statement attached to the Brief in Support of the SPS Defendants' Motion for Summary Judgment as Exhibit K.

26. The "Amount Financed," defined as "[t]he amount of credit provided to me or on my behalf" is $230,271.28.  The "Total of Payments," defined as "[t]he amount I will have paid after I have made all payments as scheduled" is $834,666.90.  *See* Exhibit K.

27. The Disclosure Statement also provides the number of installment payments (totaling 360) and the amount of each installment ($2,315.71 for the first payment and $2,172.76 for the next 24 payments and $2,328.94 for the remaining 335 payments).  *See* Exhibit K.

28. Plaintiff Maria Hamilton also received and signed both the Final Payments, Fees and Early Payment Precharge document ("Final Payments Document") and the Uniform Residential Loan Application ("Application") that both provided the accurate monthly mortgage payment, the fees incurred to obtain the Mortgage, the annual percentage rate and the amount financed.  *See* Exhibits G and H.

29. The Final Payments Document and Application provide that the Mortgage has an 10.6% interest rate with a monthly payment of $2,172.76. *See* Exhibits G and H.

30. The fees and points for Plaintiff Maria Hamilton's Mortgage were $7,590.72. *See* Exhibits I and G.

31. The Settlement Statement and the Final Payments Document both provide that the fees associated with the Mortgage are $7,590.72. *See* Exhibits I and G.

32. The Final Payments Document provides in part: "You will be charged a total of $7,590.72 in fees to obtain this mortgage loan. Theses fees include $2,093.72 paid to us, $2,956.00 paid to your mortgage broker, and $2,541.00 which will be paid to others for services or fees charged in connection with your loan. In addition, we will pay your mortgage broker $4,712.00." *See* Exhibit G.

33. The Settlement Statement specifically provides that the "Total Settlement Charges" are $7,590.72. *See* Exhibit I.

34. At closing, Plaintiff Maria Hamilton signed all of the Loan Documents without reading any of the Loan Documents. Plaintiff Maria Hamilton admitted that she failed to read the Loan Documents at closing:

> Q. Did you review any of [the Loan Documents] before you signed?
>
> A. No.
>
> \*          \*          \*          \*
>
> Q. And it's your testimony that you showed up on August 16th, 2006 at the closing and you signed these documents without reading them, correct?
>
> A. Correct.

*See* Exhibit D, at p. 71, lines 17-18; and at p. 169, lines 16-20.

35. At the closing, Plaintiffs never objected to the 10.6% interest rate and/or new monthly payment. In fact, they never even told Defendant Lomax that they were concerned about the new terms:

> Q. And did you voice those concerns to [Defendant] Lomax? Did you say, 'wait a minute, [Defendant] Lomax, we had an agreement here. You are not following that agreement?'
>
> A. No, I didn't say that.
>
> Q. You didn't say anything?
>
> A. No.
>
> \*     \*     \*     \*
>
> Q. Now, you didn't raise any concerns to [Defendant] Lomax. Did anyone else from your family say anything to him about this shift with respect to these items for your mortgage and loan?
>
> A. No. The only persons there were myself, my husband, and my son from our family and, you know, we all knew we were in a bad position. So no, we didn't say anything. My husband didn't say anything, my son didn't say anything.

*See* Exhibit D, at p. 83, lines 16-21; and at p. 84, lines 1-9.

36. Also, it is undisputed that neither of the Plaintiffs had any conversations with the SPS Defendants prior to or during the closing. *See* Exhibit D, at p. 112, lines 9-13; p. 159, lines 9-24; p. 170, lines 1-4.

37. In fact, SPS did not even become the servicer for the Mortgage until November 2006, three months after the closing. *See* Exhibit D, at p. 160, lines 13-24; p. 161, lines 1-6.

38. The Mortgage was not assigned to U.S. Bank until after the closing. *See* Exhibit D, at p. 170, lines 1-4.

39.     Therefore, the SPS Defendants did not make any representations to Plaintiffs regarding the interest rate or the monthly payment. *See* Exhibit D, at p. 163, lines 1-8.

40.     Plaintiff Maria Hamilton is in breach of the Mortgage and Promissory Note for her failure to pay the monthly mortgage payments, real estate taxes, school taxes, assessments, charges, fines and/or impositions on the Property from September 2008 to the present.

41.     Plaintiff Maria Hamilton owes the SPS Defendants $309.775.77 for the amount of the loan principal, interest, late charges, other charges, and all advances made for payment of real estate taxes, school district taxes, as well as other fees and charges. *See* Affidavit of Mindy Leetham as Exhibit Q.

42.     Plaintiff Maria Hamilton admitted that she only paid the first three mortgage payments in full and on time. *See* Exhibit D, p. 96, lines 2-8. She then simply stopped making her Mortgage payment, *See* Exhibit D, p. 99, line 7 – p. 103, line 7.

43.     In fact, the last payment that Plaintiff Maria Hamilton allegedly made "was some time – perhaps the end of [2008]." *See* Exhibit D, p. 103, lines 1-7; p. 100, line 24.

44.     Plaintiff Maria Hamilton admitted that she is in default under her mortgage:

> Q.  Now, since you haven't maintained your mortgage payments, Ms. Hamilton, would you agree that you failed to fulfill the promises that are contained in your mortgage and note?
>
> A.  Yes.

*See* Exhibit D, p. 166, lines 4-8.

45.     Plaintiff Maria Hamilton is in breach of her obligations under the Mortgage for her failure to make her Mortgage Payments. Such breach is undisputed. Plaintiff

Maria Hamilton admitted that she only paid the first three mortgage payments in full and on time. *See* Exhibit D, at p. 96, lines 2-8.

46. Plaintiff Maria Hamilton then simply stopped making her Mortgage payments. *See* Exhibit D, at p. 99, line 7 – p. 103, line 7.

47. In fact, the last payment that Plaintiff Maria Hamilton allegedly made "was some time – perhaps the end of [2008]." *See* Exhibit D, at p. 103, line 7; p.100, lines 23-24.

48. Plaintiff Maria Hamilton admitted that she is in default under her mortgage:

> Q. Now, since you haven't maintained your mortgage payments, Ms. Hamilton, would you agree that you failed to fulfill the promises that are contained in your mortgage and note?
>
> B. Yes.

*See* Exhibit D, p. 166, lines 4-8.

49. It is also undisputed, by Plaintiff Maria Hamilton's own admission, that she is in default of her Mortgage for failing to pay taxes and insurance. *See* Exhibit D, p. 165, line 1 – p. 166, line 3.

50. This action has been pending since December 2008. Discovery in this case closed on February 1, 2010. During the pendency of this litigation, Plaintiffs have not initiated any discovery to support their claims.

51. Plaintiffs have not served Interrogatories, Request for Production, Request for Admissions or Subpoenas, nor have they conducted any depositions of any individuals.

                                                                          Respectfully submitted,

                                                                          _/s/ Amy J. Roy_  
                                                                          ECKERT SEAMANS CHERIN &  
                                                                          MELLOTT, LLC  
                                                                          U.S. Steel Tower  
                                                                          600 Grant Street, 44th Floor  
                                                                          Pittsburgh PA  15219  
                                                                          412.566.6000 telephone  
                                                                          412.566.6099 fax

                                                                          Attorney for Defendants  
                                                                          Select Portfolio Servicing, Inc. and  
                                                                          U.S. Bank

Dated: March 4, 2010

OF COUNSEL:

Dorothy A. Davis, Esquire

ECKERT SEAMANS CHERIN &  
       MELLOTT, LLC  
U.S. Steel Tower  
600 Grant Street, 44th Floor  
Pittsburgh PA  15219  
412.566.6000 telephone  
412.566.6099 fax